IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.                                                          CIVIL ACTION NO. 2:11cr3-KS-MTP

CHARLES W. IRBY, JR.

ORDER

This cause is before the Court on Defendant's Motion for New Trial Based on Newly Discovered Evidence [144] and memorandum in support thereof [145].  The Government has filed a Response [147]. The Court has considered the pleadings, the prior proceedings and applicable case law and finds for the hereinafter stated reasons that the motion is not well taken and should be **denied**.

DISCUSSION

The Movant was convicted by jury verdict on August 26, 2011, of tax evasion, failure to file tax returns, and obstructing the administration of the tax laws.  Following post trial motions, he was sentenced to the custody of the Bureau of Prisons on November 22, 2011 [122].  The Judgment was appealed and affirmed by the Court of Appeals for the Fifth Circuit.

In his motion and brief Mr. Irby alleges that he is entitled to a new trial based on an allegation that he made about federal agents visiting him while he was in jail in Anchorage, Alaska, on or about April 18, 2011, and offering him some sort of an agreement whereby if he would become a confidential information and "spy on" "peaceful groups" who "talk about and are concerned with their constitutional rights."  The Movant declined the offer and was subsequently convicted as above stated.  In his motion he alleges that as a result of the recent

1

public scandal involving the Internal Revenue Service[1] targeting conservative groups and denying them tax exempt status, that these facts are so egregious and excessive that he is entitled to a new trial. Apparently, he is not alleging that his case is in any way connected to the current events, but that the fact that the news is what it is constitutes good reason for a jury to acquit him.

The controlling case in our circuit is *United States v. Blackthorn*, 378 F. 3d 449 (5th Cir. 2004). The relevant portion of *Blackthorn* states as follows:

> We review the denial of a motion for new trial only for abuse of discretion (citations omitted). Such motions are not favored and are viewed with great caution (citations omitted).
>
> The Court applies the '*Berry*' Rule to motions for a new trial on the basis of newly discovered evidence. (Citations omitted).

To receive a new trial, *Blackthorn* must show:

> (1) That the evidence is newly discovered and was unknown to him at the time of the trial;
> (2) that the failure to discover the evidence was not due to his lack of diligence;
> (3) that the evidence is not merely cumulative, but is material; and
> (4) that the evidence would probably produce an acquittal. (Citations omitted).
>
> Unless all four elements are satisfied the motion for a new trial must be denied.

The evidence *Blackthorn* relies on is immaterial to his guilt or innocence. It, therefore, cannot form the basis of a new trial. *Berry v. Georgia,* 10 Ga. 511, (1851).

In the case that is before the Court, as in *Blackthorn*, the evidence must be material.

---

[1] Mr. Irby's Exhibit 1 is a Google search page that details articles about the allegations of the current news and political events.

Assuming that the allegations of Mr. Irby are true, they have no relevance whatsoever to the question that was placed before the jury regarding the charges that Mr. Irby was charged with. Unless all four of the *Berry* factors are satisfied, the motion for new trial must be denied. Here, "(3) that the evidence is not merely cumulative, but is material" has not been satisfied. Additionally, Mr. Irby faces an insurmountable challenge to get any of this evidence admitted because it is hearsay or irrelevant. Therefore, the motion filed by Mr. Irby fails.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion for New Trial Based on Newly Discovered Evidence [144] be and the same is hereby **denied**.

SO ORDERED on this the 8th day of August, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE